UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

BENJAMIN PINCUS, individually,

      Plaintiff,

v.

PROCOLLECT, INC.,
a foreign corporation,

      Defendant.

_____/

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF THE TCPA AND FDCPA

1.     This is an action for damages arising from Defendant's violations of 47 U.S.C. § 227 *et seq.,* the Telephone Consumer Protection Act (TCPA) and 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (FDCPA). Plaintiff, Benjamin Pincus, alleges that Defendant, ProCollect, Inc., incessantly and unlawfully placed calls to his cellular telephone in an attempt to collect an alleged consumer debt.

## JURISDICTION AND VENUE

2.     This court has jurisdiction under 28 U.S.C. § 1331. This action arises under federal statutes. *See Mims v. Arrow Financial Services, LLC,* 565 U.S. 181

(2012). Venue in this district is proper because Defendant conducts business in this District, and the actions giving rise to this suit occurred within this District.

## PARTIES

3. Plaintiff, Benjamin Pincus, is a natural person and a citizen of the State of Florida residing in Palm Beach County. Said Plaintiff at all times relevant herein exercised dominion and control over the cellular telephone to which Defendant was calling.

4. Defendant, ProCollect, Inc., is a foreign corporation residing in Texas. Defendant's principal office is at 12170 Abrams Road, Suite 100, Dallas, Texas 75243. Defendant's registered agent for service of process in Florida is: CT Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324.

5. Defendant is a debt collector within the scope of the FDCPA since it regularly engages in interstate commerce, using the mail and telephone in a business which attempts to collect medical and other consumer debts allegedly owed to entities other than the Defendant.

6. Defendant has registered as a "consumer collection agency" with the Florida Department of Financial Regulation. Under Fla. Stat. § 559.55(7): "'Consumer collection agency' means any debt collector or business entity engaged in the business of soliciting consumer debts for collection or of collecting

consumer debts, which debt collector or business is not expressly exempted as set forth in s.559.553(4)."

## FCC RULINGS AND OTHER LEGAL DECISIONS IMPACTING CLAIMS BROUGHT UNDER THE TELEPHONE CONSUMER PROTECTION ACT

7.     According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls as those alleged herein are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

8.     In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer.  TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that:

> Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when

> such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion,

Id. at § 12; cited in *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D. Ill. Aug. 10, 2012). Congress also specifically found that:

> the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call….

*Id*. at §§ 12-13. *See also, Mims*, 132 S.Ct. at 744. Judge Easterbrook stated it this way:

> The Telephone Consumer Protection Act (TCPA or "the Act"), 47 U.S.C. § 227, is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

9.      Under the TCPA, and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on the Defendant to demonstrate that Plaintiff provided express consent within the meaning of the statute. *FCC Declaratory Ruling,* 23 F.C.C.R. at 565 (¶ 10).

10.     The FCC has opined that the ability to dial numbers without any human intervention in the calling process is the hallmark of an automatic telephone dialing system (i.e., auto-dialer). *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 2008,* CG Docket No. 02-278, FCC 07-232 (1/4/08) ¶¶ 11-13; *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* 2003 WL 21517583, 18 F.C.C.R. 14014, ¶ 132 (Fed. Commc'n Cmm'n July 3, 2003).

11.     With respect to whether a device is considered an "automatic telephone dialing system" for purposes of the TCPA, at least one Federal Court has specifically noted that "a system need not actually store, produce, or call randomly or sequentially generated numbers, it need only have the *capacity* to do it." *Satterfield v. Simon & Schuster, Inc.,* 569 F.3d 946 (9th Cir. 2009) (emphasis added).

12.     Furthermore, the FCC has specifically ruled that a predictive dialer falls within the meaning and statutory definition of "automatic telephone dialing equipment" within the TCPA. *2003 TCPA Order,* 18 FCC Rcd 14092-3 at ¶ 133.

13.     Both the FCC and federal courts have held that as a matter of law a predictive dialer is a type of automatic telephone dialing system. *See generally, Griffith v. Consumer Portfolio Serv., Inc.*, No. 10-c-2697 (N.D. Il. Aug. 16, 2011).

14.     The Hobbs Act does not vest federal district courts with subject matter jurisdiction to disregard FCC rulings.  *Leckler v. Cashcall, Inc.,* 2008 U.S. Dist. LEXIS 97439, *7-8 (N.D. Cal. 2008).

15.     The TCPA has a four year statute of limitations pursuant to 28 U.S.C. § 1658.  *Stern v. Bluestone,* 2008 N.Y. App. Div. LEXIS (N.Y. App. Div. 1st Dep't., 2008).

16.     The FCC has stated that "an individual's provision of his or her cellular telephone number conveys express consent to receive autodialed or prerecorded calls by creditors or third party debt collectors only if . . . (1) the cellular 'number was provided by the consumer to the creditor,' and (2) the cellular 'number was produced during the transaction that resulted in the debt owed.'" FCC Amicus Brief, *Albert A. Nigro v. Mercantile Adjustment Bureau, LLC*, No. 13-1362 (2nd Cir. Ct. of App.), Filed: June 30, 2014.

17.     The intended recipient of a call is not the "called party" within the scope of the TCPA.  *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1252 (11th Cir. 2014).

## **FACTUAL ALLEGATIONS**

18.     The instant lawsuit stems from the telephonic collection efforts of Defendant since at least May 2014. Defendant has placed dozens of calls to Plaintiff's cellular telephone number, XXX-XXX-7827 (the "7827 number").

19.     At all times relevant hereto, Plaintiff maintained dominion and control over the 7827 number, which is his personal cellular telephone number.

20.     Defendant left a series of pre-recorded messages in Plaintiff's voice mailbox. Each message was of substantially the following form:

> This is a personal business alert for Benjamin Pincus. If you are not Benjamin Pincus please hang up at this time. This message contains private information and should not be played in a manner where it can be heard by others. This call is from ProCollect. This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. Please call 800-732-3799.

21.     The voice messages left on Plaintiff's voice message service featured a disjointed cadence and timbre which suggests that the message was pre-recorded and had personal information inserted later.

22.     On information and belief, Plaintiff alleges that the calls to his cellular telephone were made using an Automatic Telephone Dialing System, a device which has the capacity to store and produce telephone numbers to be called, using a random or sequential number generator, and dial such numbers.

23.     The alleged debt that Defendant was attempting to collect arose from a residential lease agreement.

24.     At no point did plaintiff provide Defendant, or the original party in interest with respect to the alleged debt, with his cellular telephone number or with permission to call him using an ATDS or pre-recorded messages.

25.     Defendant's website advertises their use of "skip tracing"[1]:

### Internet Skip Trace Sites

Every collector's computer is on-line with numerous skip-trace sites. This allows our collectors the ability to capture and locate new information on debtors, allowing better results and faster returns for our clients.

<u>COUNT I</u>
<u>VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT</u>

26.     Plaintiff incorporates the preceding paragraphs.

27.     Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) of the Telephone Consumer Protection Act by making telephone calls to Plaintiff's cellular telephone, which were initiated by an automatic telephone dialing system and/or prerecorded and/or artificial voice; therefore, they were not legally permissible under any provision of the aforementioned statute.

WHEREFORE, Plaintiff, BENJAMIN PINCUS, requests that the Court enter judgment in favor of Plaintiff and against Defendant PROCOLLECT, INC. for:

a.     $500 dollars in statutory damages for each violation of the TCPA held not to be a knowing or willful violation;

b.     $1500 dollars in statutory damages for each violation of the TCPA held to be a knowing or willful violation;

---

[1] Source: https://procollect.com/our-technology.php (last accessed: 7/18/2014).

c.   A permanent injunction prohibiting Defendant from placing non-emergency calls to Plaintiff's cellular telephone by use of an automatic telephone dialing system;

d.   Attorney's fees, litigation expenses and costs of the instant suit, and:

e.   Such other or further relief as the Court deems proper.

## COUNT II
## UNFAIR MEANS OF DEBT COLLECTION AND/OR TELEPHONIC HARRASSMENT

28.   Plaintiff incorporates paragraphs 1 through 27.

29.   Defendant placed intrusive robocalls to Plaintiff – calls which Congress has deemed a "nuisance."

30.   Moreover, the subject calls were illegal and in violation of 47 U.S.C. § 227(b)(1)(A)(iii) of the Telephone Consumer Protection Act.

31.   In sum, by utilizing an illegal method to collect the alleged debt – *i.e.*, violating the TCPA – Defendant has also consequently violated both sections 15 U.S.C. § 1692d and 15 U.S.C. § 1692f of the FDCPA.  *See generally, Clarke v. Weltman, Wienberg & Reis, Co., L.P.A.*, 10-60600-CIV-COHN, 2010 WL 2803975 (S.D. Fla. July 15, 2010).

WHEREFORE, Plaintiff, BENJAMIN PINCUS, requests that the Court enter judgment in favor of Plaintiff and against Defendant PROCOLLECT, INC. for:

     a.     Damages, both statutory and actual;

     b.     Attorney's fees, litigation expenses and costs of suit; and

     c.     Such other or further relief as the Court deems proper.

### JURY DEMAND

Plaintiff demands trial by jury.

Dated: July 22, 2014.

Respectfully submitted,

By:   /s/ Scott D. Owens
Scott D. Owens, Esq.
Florida Bar No. 0597651
664 E. Hallandale Beach Blvd.
Hallandale Beach, FL 33009
Tel   954-589-0588
Fax   954-337-0666
scott@scottdowens.com

*Attorney for Plaintiff*